GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
ANGELA WOOLRIDGE
Assistant U.S. Attorney
Arizona State Bar No. 022079
405 W. Congress St., Suite 4800
Tucson, AZ  85701-5040
Telephone: (520) 620-7300
Email: Angela.Woolridge@usdoj.gov
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                     Plaintiff,<br><br>    vs.<br><br>Marco Antonio Peralta-Vega,<br><br>                     Defendant. | CR 19-0338-TUC-JGZ<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through its attorneys undersigned, hereby Sentencing Memorandum for the defendant, Marco Antonio Peralta-Vega, in the above-referenced case. Sentencing is currently set for June 11, 2021.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTS AND PROCEDURAL HISTORY

Between January 2017 and November 2018, the defendant, Marco Antonio Peralta-Vega (hereinafter "the defendant"), owner of PH Distributing, received 53 shipments at his residence/business and two separate storage facilities which he rented to receive and store shipments under the PH Distributing business name. Within the 53 shipments received at either the defendant's residence/business address, his CubeSmart Self Storage facility, or his Nogales Self Storage facility (all of which were located in Nogales, Arizona), were 120 Ballistic Body Armor plates, 2,649 high capacity rifle magazines, and a total of 37,200 rounds of ammunition in various calibers.

The defendant was interviewed by law enforcement agents and admitted that he was facilitating the purchase, delivery, and shipment of these items –all of which were classified as International Traffic in Arms Regulations items at the time of the defendant's offenses – knowing the items were being illegally exported from the United States into Mexico. The defendant had ordered the items in Mexico on behalf of different individuals, and also allowed other individuals to use his address for the delivery of items. The defendant then picked up the packages from his address, passed them to a separate individual in Nogales, Arizona, and that individual then smuggled the items form the United States into Mexico. The defendant received payment for his offenses once the items were delivered in Mexico. The defendant also purchased and trafficked two Colt .38 caliber handguns and one Ceska Zbrojovka 9mm handgun from the United States to Mexico. Records from the firearm dealers confirm that the defendant purchased these firearms in March 2016 and February 2017, respectively. Neither the defendant nor any of the other individuals involved in his smuggling offenses had a license or other lawful authority to export the weapons from the United States into Mexico.

On February 6, 2019, the defendant was charged in the Indictment in this case with Smuggling Goods from the United States. On March 2, 2021, he pleaded guilty to the offense and also admitted to the Forfeiture Allegation in the Indictment without a plea agreement.  Sentencing is currently set before this Court for June 11, 2021.

## II. APPLICABLE GUIDELINE CALCULATIONS

The government agrees with the guideline calculations in the Presentence Report. The defendant's base offense level is 26 pursuant to U.S.S.G. § 2M5.2(a)(1).  After a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), the defendant's total offense level is 23. Together with the defendant's Criminal History Category of I, the advisory sentencing guideline range is 46 to 57 months imprisonment. The government agrees with the Presentence Report that no grounds exist for a departure or variance in this case.

### III.   GOVERNMENT'S SENTENCING RECOMMENDATION

The government requests that this Court sentence the defendant within the applicable sentencing guideline range, to no less than 46 months imprisonment. The government believes this sentence appropriately reflects the severity of the defendant's offenses and his individual characteristics.

The defendant's offenses in this case are very serious. He has engaged in a course of unlawful conduct involving the smuggling of firearms, ammunition, high capacity magazines, and body armor to a criminal organization in Mexico over the course of at least two years. The harm that the defendant's offense has caused – and is likely to continue to cause – is beyond measure. He repeatedly exploited his business to put weapons in the hands of violent criminals for the purpose of personal financial gain. His conduct directly furthers the rampant and severe violence in Mexico, and results in the threatening, injury, and death of countless individuals. As the Presentence Report so aptly states, the defendant acted with no thought for anyone outside his own family. Furthermore, the defendant's produce business provided him with a legitimate source of income; his crimes were motivated by financial greed as opposed to necessity.

What is particularly concerning here is the defendant's continuation of his smuggling activity despite previous law enforcement intervention As pointed out in the Presentence Report, he was well aware of the illegality of his actions and had several opportunities to cease his criminal conduct but chose not to do so despite being aware of the consequences. He was contacted both by federal agents in the United States and arrested in Mexico for his smuggling activity, but these events were not enough to deter him from his course of serious weapons misconduct. The government submits that a lengthy sentence is therefore necessary to protect the public, both in Mexico and the United States, from future crimes of the defendant.

The defendant was directly involved with high level members of the Sinaloa cartel in Mexico. By his own admissions, his criminal conduct involving smuggling weapons on

behalf of these criminals extended significantly beyond his offense of conviction in this case. Particularly concerning is the fact that one of the defendant's associates in this conduct was murdered by other cartel members. The defendant was therefore fully aware of the violence that resulted from his actions of providing the cartel with deadly weapons.

The defendant's lack of prior criminal history is adequately reflected in his Criminal History Category of I. However, as discussed, his unlawful conduct here was extensive and repetitive. The government submits that a significant sentence is necessary to reflect the severity of the offense and the danger to the public caused by the defendant's ongoing weapons smuggling crimes.

Finally, the government respectfully requests that this Court enter a Final Order of Forfeiture against the defendant in the amount of $16,089.50, the value of the firearms and ammunition involved in the defendant's offense of conviction. As further discussed in the Government's Brief Regarding Forfeiture Issues, these firearms and ammunition are subject to forfeiture and are unavailable for forfeiture due to the acts of the defendant. Therefore, the government is entitled to the forfeiture of substitute assets in the amount of the value of the firearms and ammunition, which is $16,089.50.

### IV. CONCLUSION

For the reasons discussed, the government respectfully requests that this Court sentence the defendant to no less than 46 months imprisonment. The government submits that this sentence is appropriate and no greater than necessary based on the facts and circumstances of the offenses and the individual characteristics of the defendant.

Respectfully submitted this 4th day of June, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/ Angela W. Woolridge*

ANGELA W. WOOLRIDGE
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 4th day of June, 2021, to:

D. Erendira Castillo-Reina, Esq.
Attorney for Defendant Marco Antonio Peralta-Vega